```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**KRYSTAL SMITH**                                                     **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:05CV271-WHB-JCS**

**BLUE CROSS & BLUE SHIELD**
**OF MISSISSIPPI**                                                    **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Blue Cross & Blue Shield of Mississippi (hereinafter "Blue Cross") for Summary Judgment. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

### I.  Factual Background and Procedural History

This cause of action arises out of the alleged wrongful termination of Plaintiff Krystal Smith. The allegations of wrongful termination are based on the provisions of the Family Medical and Leave Act, 29 U.S.C. §§ 2601 et seq. (hereinafter "FMLA"). Smith was employed by Blue Cross from September 2, 2000, until she was fired on October 25, 2004. She was fired for failing to report to work.

Smith's son, Justin, became ill on Thursday, October 14, 2004.[1]  He was taken to an ear nose and throat doctor on the same day, but returned to day care the next day, Friday, October 15, 2004.  Justin's condition apparently worsened over the upcoming weekend, and Smith called a nurse to inquire about his illness on the night of Sunday, October 17, 2004. Smith Deposition Transcript, p. 53, attached as Exhibit "C" to Motion for Summary Judgment; see also Certification of Health Care Provider form, attached as Exhibit "25" to Exhibit "C" to Motion for Summary Judgment (under heading 5.a., stating that the illness commenced on October 17, 2004).  On Monday, October 18, 2004, Justin was taken for a medical examination to Dr. Samuel Hopper, a pediatrician.  Dr. Hopper diagnosed Justin with Hand, Foot and Mouth Disease, which is caused by Coxsackievirus. Letter from Hopper to Blue Cross, attached as Exhibit "A" to Response to Motion for Summary Judgment.  Dr. Hopper advised that "the virus is very contagious to other young children and that it lasts 4-7 days." Id.

As a result of Justin's condition, Smith submitted a form to Blue Cross requesting leave under the FMLA from Monday, October 18, through Friday, October 22, 2004.  However, Smith only missed work from Monday through Wednesday.  Justin returned to day care on Thursday.  Smith's request for FMLA was subsequently denied, and

---

[1]The Court is unsure of Justin's age.  Because he was attending day care during the relevant time frame, the Court reasonably assumes that he was no older than about six years.

her employment with Blue Cross was terminated on October 25, 2004, on the basis of her history of tardiness and absenteeism.

Aggrieved by her employment termination, Smith filed the subject suit against Blue Cross with this Court on April 29, 2005.[2] The claims in the Complaint are: count one, violation of the FMLA; count two, failure to properly train employees; and count three, failure to properly supervise employees.  Smith seeks damages totaling $500,000.

The subject Motion for Summary Judgment was filed on January 13, 2006.  That Motion is now ripe for consideration.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

---

[2]Smith originally named Blue Cross & Blue Shield of Mississippi Foundation as the Defendant.  However, realizing that the named Defendant was not the proper Defendant, Smith moved for substitution of said Defendant with Blue Cross & Blue Shield of Mississippi.  That Motion was granted via a Text Order entered on February 13, 2006.

make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-

4

Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

The Court begins with the following brief definition of the FMLA:

> A 1993 federal statute providing that employees may take unpaid, job-protected leave for certain family reasons, as when a family member is sick or when a child is born. 29 U.S.C.A. §§ 2601 et seq.  The statute applies to businesses with 50 or more employees.  An employee may take up to 12 weeks per year under the FMLA.

Black's Law Dictionary 638 (8th ed. 2004).

The specific provision in issue in this case is 29 U.S.C. § 2612(a)(1)(C), which allows for twelve weeks of unpaid leave annually "[i]n order to care for ... a son ... if such ... son ... *has a serious health condition*." (Emphasis added).  "The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves - ... (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Blue Cross contends that Smith's absence from work was not covered by the FMLA because Justin's condition did not fall under the purview of a "serious health condition."  To analyze this argument, an applicable section of the Code of Federal Regulations must be considered.

> (a) For purposes of FMLA, "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves:
>
> * * * * *
>
> > (2) Continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
> > (I) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
> > > (A) Treatment two or more times by a health care provider[;] ... or
> > > (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.
> >
> > * * * * *
>
> (b) Treatment for purposes of paragraph (a) of this section includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition. ... Under paragraph (a)(2)(i)(B), a regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). A regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

29 C.F.R. § 825.114.

Under the provisions of § 825.114, Blue Cross asserts four arguments to the effect that Justin did not suffer from "a serious

health condition."³  Under its first argument, Blue Cross contends that the definition of "serious health condition" is not met because Justin did not miss three consecutive days of day care, and Smith did not miss three consecutive days of work.  This argument is based on § 825.114(a)(2)(i), which requires a "period of incapacity ... of more than three consecutive _calendar_ days" before an employee is entitled to leave under the FMLA. (Emphasis added).

Blue Cross is correct that Justin only missed three consecutive days of day care, Monday, October 18, through Wednesday, October 20, 2004.  It is also undisputed that Smith's absence from work covered the same three days.  However, Blue Cross confuses incapacitation for more than three _work_ and/or _day care_ days with incapacitation for more than three _calendar_ days, as stated in the above C.F.R.  Based on the evidence before the Court, it appears that Justin _may_ have been incapacitated by the subject

---

³Of the four arguments, one is based on the overall provisions of § 825.114(a)(2)(i), and two are based on the specific provisions of § 825.114(a)(2)(i)(A) and (B).  If Smith satisfies the definition of a "serious health condition" under _either_ § 825.114(a)(2)(i)(A) _or_ (B), the Motion for Summary Judgment must be denied.  As found below, summary judgment is denied herewith on the issue of whether Justin suffered from a "serious health condition" under either of these two C.F.R. subsections.  Even though the satisfaction of either of the definitions would require denial of the subject Motion, all of Defendant's arguments are nevertheless analyzed herewith because each argument, or at least some aspect of each argument, could be potential issues at trial.  By now rendering decisions on all arguments, the issues at trial may be streamlined.  For the same reasons, the Court will also address the fourth argument of Blue Cross, which is based on the provisions of § 825.114(c).

illness on Sunday, October 17 as well. See Smith Deposition Transcript, p. 53, attached as Exhibit "C" to Motion for Summary Judgment (stating that Smith called a nurse on October 17 to inquire about Justin's condition); Certification of Health Care Provider form, attached as Exhibit "25" to Exhibit "C" to Motion for Summary Judgment (under heading 5.a., stating that the illness commenced on October 17, 2004).  Defendant's argument on this issue represents a genuine issue of material fact that must be reserved for decision at trial.

Blue Cross next asserts that Justin's illness was not a "serious health condition" because the provisions of § 825.114(a)(2)(i)(A) are not met.  Under this C.F.R. subsection, Justin must have seen a doctor on two occasions with regard to the subject period of illness.  Blue Cross does not dispute that Justin was seen by a doctor on Thursday, October 14, and again by another doctor on Monday, October 18.  On these facts, it would appear that Justin suffered a "serious health condition" as defined by § 825.114(a)(2)(i)(A).  However, Blue Cross contends that such is not the case because Smith failed to inform it of the first doctor visit of October 14, as purportedly required by case law interpretations of this C.F.R. subsection.

In support of this argument, Blue Cross cites Willis v. Coca Cola Enters., Inc., No. 05-30047, 2006 WL 827359 (5th Cir. Mar. 31, 2006).  In Willis, the United States Court of Appeals for the Fifth

Circuit analyzed the notice requirements by an employee to an employer before the provisions of the FMLA apply to leave from work.  Under <u>Willis</u>:

> "An employee giving notice of the need for unpaid FMLA leave must explain the reasons for the needed leave so as to allow the employer to determine that the leave qualifies under the Act." [29 C.F.R. §] 825.208(a)(1). It is not necessary for the employee to "expressly assert rights under the Act or even mention the FMLA" in order to put the employer on notice of her need for leave. <u>Id.</u> at 825.208(a)(2). This circuit, while declining to issue any "categorical rules" for the type of notice given by an employee, has stated that: "<u>*[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.*</u>" <u>Manuel v. Westlake Polymers Corp.</u>, 66 F.3d 758, 764 (5th Cir.1995).

<u>Id.</u> at *2 (emphasis added).  The <u>Willis</u> court further held that:

> We believe the statutory language of the FMLA and the relevant caselaw from our sister circuits require ... that the employee provide sufficient notice to an employer of the need to take FMLA leave; in other words, <u>*that the employee provide notice to the employer of a "serious health condition."*</u> <u>See</u> 29 C.F.R. § 825.112(a)(4) (mandating that employers grant leave to employees "because of a serious health condition that makes the employee unable to perform the functions of the employee's job").

<u>Id.</u> at *3 (emphasis added).

Based on the holdings in <u>Willis</u>, the only notice that an employee must give an employer under the FMLA is a reasonable indication that the employee or a covered family member suffers from a serious health condition.  As indicated in the first of the two above quotes from <u>Willis</u>, there is no "categorical rule" as to the exact contents of the notice.  There certainly is no

9

requirement that the employee must furnish the names of all medical professionals seen by the patient as a prerequisite for applying the provisions of the FMLA.

In the subject case, Smith provided Blue Cross with a form entitled Certification of Health Care Provider form.  This form is attached as Exhibit "25" to Exhibit "C" to Motion for Summary Judgment.  On the form, Smith communicated Justin's illness, that it was highly infectious, and that she would have to remain at home with him during the course of the illness. Id.  Smith also provided Blue Cross with a letter from Dr. Hopper which stated that "the virus is very contagious to other young children and that it lasts 4-7 days."  Letter from Hopper to Blue Cross, attached as Exhibit "A" to Response to Motion for Summary Judgment.  The letter also stated "[i]t is obvious that his mother, Krystal Smith, needed to miss work to be with her sick son." Id.  The Court finds that these documents were sufficient to fulfill the employee to employer notice requirements of the FMLA.  The first argument of Blue Cross is without merit.  This finding represents a final adjudication of this issue; i.e., it may not be raised again at trial.

The Court notes, however, that it is not clear from the evidence that the October 14, 2004, appointment with the ear nose and throat doctor was actually related to the subject illness.  This issue may be argued by Blue Cross at trial.

The next summary judgment argument of Blue Cross is based on the provisions of § 825.114(a)(2)(i)(B), which alternatively defines "serious health condition" as "[t]reatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of a health care provider." Under this C.F.R. subsection, even if Justin had been treated by only one doctor, the definition of "serious health condition" would be met nevertheless so long as he was under a "regimen of continuing treatment under the supervision of the health care provider." Id.

Blue Cross argues that under § 825.114(a)(2)(i)(B), Justin was not under the "regime of continuing treatment." Under § 825.114(b):

> Under paragraph (a)(2)(i)(B), a regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). A regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and _other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave_.

(Emphasis added).

It is undisputed that Justin was not on prescription medication during the subject illness. As Dr. Hopper found, the subject illness would have to run its course on its own, and that Justin should stay quarantined until it did. This could be

construed as an "activit[y] that can be initiated without a visit to a health care provider", thus "by itself" this condition was not "sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave." See id.  The Court focuses on the "by itself" language in this C.F.R. subsection.  The Court finds that given the seriously infectious nature of Justin's illness, in conjunction with Dr. Hopper's recommendation that Justin be quarantined, creates a genuine issue of material fact as to whether the provisions of the FMLA were invoked in this case.  Therefore, this argument of Blue Cross is rejected for summary judgment purposes.  This holding does not preclude Blue Cross from again raising the issue at trial.

Defendant's final argument is based on § 825.114(c), which states in pertinent part:

> Ordinarily, unless complications arise, the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave.

Without citing any binding case law, Blue Cross equates Justin's condition to those listed in § 825.114(c), for which the provisions of FMLA are not invoked.  Although Blue Cross is not precluded from asserting this argument at trial, it is not sufficient for an award of summary judgment.

Finally, the Court has also reviewed the evidence pertaining to Smith's state law claims of failure to properly train employees and failure to properly supervise employees. Under the facts of this case, the Court finds that genuine issues of material fact exist regarding these claims. Accordingly, they will not be dismissed on summary judgment.

## IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Blue Cross & Blue Shield of Mississippi for Summary Judgment (docket entry no. 16) is hereby denied.

SO ORDERED this the 11th day of April, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct