```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**KRYSTAL SMITH**                                                **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:05CV271-WHB-JCS**

**BLUE CROSS & BLUE SHIELD**
**OF MISSISSIPPI**                                               **DEFENDANT**

## OPINION AND ORDER

The bench trial of this cause of action occurred on June 8, 2006.  The Court found for Plaintiff on the issue of liability, and reserved judgment on the damages issue.  At trial, counsel for Plaintiff relied on a document titled "Pretrial Brief of Facts and Authorities" to support Plaintiff's lost wages claim.  The lost wages claim, which totals $19,109.29, appears on pages five through six of that document.  The Court adopts Plaintiff's lost wages damage calculation, and finds that Plaintiff should be awarded $19,109.29 in lost wages.

The Court recognizes that the $19,109.29 damage calculation includes a four percent expected raise if Plaintiff had continued to work for Blue Cross.  Plaintiff testified at trial that she had received past raises equating to about four percent of her salary.  Although other forms of proof may have been preferable on this issue, Blue Cross provided no evidence rebutting Plaintiff's

testimony.  The Court therefore finds that the estimated four percent raise included in Plaintiff's calculation is appropriate.

The Pretrial Brief of Facts and Authorities described above was not filed by Plaintiff prior to trial, and was not offered into evidence at trial.  The Court accordingly orders Plaintiff to file this document with the Clerk of the Court.  The filing of this document will aid the appeal process, if either party decides to file and appeal of this case with the United States Court of Appeals for the Fifth Circuit.

Next considered is the amount of interest due to Plaintiff on her award for lost wages.  Under 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff must be awarded interest on her lost wages award, at the prevailing rate.  The Court finds that the "prevailing rate" means the prevailing rate on judgments under 28 U.S.C. § 1961.  The Court directs Plaintiff to provide to the Court a calculation of interest due to her.  The interest should be calculated beginning at the time when each salary payment was due to her, assuming that she had continued to work for Blue Cross.  The end date for all interest calculations should be the date of the trial of this cause, which was June 8, 2006.  Plaintiff must provide this calculation to the Court by **Monday, June 26, 2006**.  Defendant may respond with objections to the calculation, if any, by **Monday, July 3, 2006.**

Other potential awards which are allowed by provisions of the Family Medical Leave act are liquidated damages (§

2

2617(a)(1)(A)(iii)) and reinstatement of Plaintiff to her job with Blue Cross (§ 2617(a)(1)(B)).  As the Court stated and expounded upon at the trial of this cause, Plaintiff will not be awarded either of these two forms of relief.  Also, as stated at trial, Plaintiff must provide a calculation of attorney's fees and costs as allowed by § 2617(a)(3).

    SO ORDERED this the 16th day of June, 2006.

                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

tct